Kepobt oe Committee. — In eavoe oe Me. Wood.
Assembly Chambee, March 31, 1870.
Mr. Helson, from the committee on privileges and elections, to which was referred the seat of the case of Anson S. Wood, contested by E. H. Thomas, against the said contestant, as follows:
Eepoet of the Committee on Peivileges and Elections in Case of Contested Seat of Hon. Anson S. Wood.

To the House of Assembly of the State of New York:

The committee an privileges and elections, to which was referred the petition of Eran H. Thomas, claiming the seat now occupied by Anson S. Wood, as representative of the first Assembly district of *463 Wayne county, respectfully report, that the committee' have heard the proofs and allegations of the respective claimants, and the arguments of counsel, and that the facts of the case as agreed upon, are as follows:
The whole number of votes cast in that Assembly district was 4,766 of which Mr. Wood received. 2,400
And Mr. Thomas received. 2,366
Majority for Wood. 34
Prior to September 7th, 1869, the town of Butler, in such Assembly district, constituted one election district. On that day the town officers divided the town into two election districts, numbered “ one ” and “ two.” One district included part of the village of Wolcott.
At the last election a poll was opened with inspectors regularly appointed in each of the two districts.
The whole number of votes east in the town of Butler, was three hundred and sixty-six. In the first election district two hundred and twelve votes were cast, of which Mr. Wood received. 176 and Mr. Thomas. 34
In the second election district one hundred and fifty-four votes were cast, of which Mr. Wood received.i.... 66 and Mr. Thomas..-. 88
Majority in the town for Wood. 120
It is claimed on behalf of Mr. Thomas, that the statute directs that when an election district shall be divided,-the-division shall not take effect till after the next general election ; and it is claimed there.fore, that inasmuch as the people of the town of Butler ought all to have voted in a single district instead of having voted in two districts, all the votes of the town of Butler ought to be rejected.
Thus, the only question presented in this case, is one; of law, viz.: Whether a mistake in the town officers as to the time wfien an order dividing the district legally made and filed shall take effect, shall disfranchise all the people of the town. -
Your committee regard the law of this State on this question as definitely settled by its highest judicial tribunal, in the case of The People v. Cooke, reported in 4 Selden’s Reports, 67. It was there decided that no mere irregularity on the part of the town officers can *464 be allowed, to vitiate an election, or to disfranchise the voters, where such irregularity has not defrauded a legal voter of his right to vote, or admitted a disqualified person to vote; and where it casts no uncertainty on the result, and lias not been caused by the agency of a party seeking to derive a benefit under it.
This rule of law, so just in itself, and so well adapted to secure a fair expression of the popular will, your committee regard as decisive • in this case.
The people of the town of Butler have had the most full and free opportunity to exercise their rights as voters, and they are well satisfied with the result. There is no pretense of fraud or injustice, nor even of design. There is no claim that any lawful vote was rejected, or that any illegal vote was received. All the votes cast were those-, of lawful and qualified voters ; and the simple question is whether we shall disfranchise three hundred and sixty-six lawful voters, who have enjoyed the best possible opportunity of exercising the elective franchise:
Tour committee have no hesitation as to their duty in this question, They regard the claim made by Mr. Thomas as entirely without foundation or right, and they think the prayer of the petitioner should be denied.
JAMES M. NELSON.
■W. G. BEBGEN.
¥M. T. BEMER.
LTMAN OATMAN.
Assembly document, 1870, vol. 10, No. 171.
Which was laid on the table and ordered printed.
In connection therewith' Mr. Nelson offered for the consideration of the House a resolution in the words following, to wit:
Resolved, That Anson S. Wood, the sitting member, is the lawfully elected representative from the first Assembly district of Wayne county, and that he is entitled to retain his seat in the Assembly as such representative.
Mr. Speaker put the question whether the House would agree to said resolution, and it was determined in the affirmative.
Ayes, 91. Noes, none.
Assembly Journal, 1870, vol. 1, page 801.